UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYFIELD JOSEPH THIBEAUX

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 12-84-BAJ-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 29, 2012.

                                               STEPHEN C. RIEDLINGER
                                               UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYFIELD JOSEPH THIBEAUX

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 12-84-BAJ-SCR

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, a formerly an inmate confined at Dixon Correctional Institute (DCI), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former DCI Warden Burl Cain, Dixon Correctional Institute, East Louisiana Mental Health System psychologist Tom Desport and an unidentified psychiatrist at East Louisiana Mental Health System. Plaintiff alleged that while incarcerated at DCI in 1981, Warden Cain conspired with East Louisiana Mental Health System personnel and secretly implanted a fiber optic cable in his rectum. Plaintiff alleged that the defendants are using the device for the purpose of remotely monitoring his mental health and other activities. Plaintiff sought monetary, declaratory and unspecified injunctive relief.

### Background and Procedural History

On July 22, 2009, the plaintiff filed a *pro se* complaint in the United States District Court for the Southern District of Florida alleging that defendants Cain, Desport, DCI and the

unidentified psychiatrist implanted a monitoring device in him. *Rayfield Joseph Thibeaux v. Rebecca F. Dohery, et al*, CV 09-22154-JLK (S.D. Fla.).[1] Plaintiff was not incarcerated at the time and was granted leave to proceed in forma pauperis. A magistrate judge's report was issued recommending that the complaint be dismissed for failure to state a claim upon which relief may be granted. The magistrate judge further noted that the plaintiff has a long history of filing frivolous complaints and had been previously issued a sanction warning by the United States Court of Appeals for the Fifth Circuit. On August 5, 2009, the district judge adopted the magistrate judge's report and recommendation and entered judgment. Plaintiff did not appeal.

On October 1, 2009, the plaintiff filed a complaint in the United States District Court for the Southern District of Florida against these defendants and others. Plaintiff asserted in part, the same claims regarding the implantation of the monitoring device. *Rayfield Joseph Thibeaux v. Judge Rebecca F. Doherty, et al*, CV 09-22949-KMM. On November 4, 2009, the complaint was dismissed as frivolous. Plaintiff appealed. On May 4, 2010, the plaintiff's appeal was dismissed for failure to pay the docketing fee.

On October 28, 2010, the plaintiff filed a complaint in the

---

[1] Insofar as the caption identifies other parties to the suit, it is an apparent typographical error.

United States District Court for the Southern District of Texas asserting the same claims against the defendants. *Rayfield J. Thibeaux v. Burel Cain, et al*, CV 10-4293. On November 30, 2010, the district judge determined that the claims were nonsensical and summarily dismissed the complaint with prejudice. Plaintiff appealed. On June 13, 2011, the United States Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous. In addition, the appellate court warned the plaintiff that because of his history of filing frivolous appeals, "any future frivolous pleadings filed by him in this court or in any court subject to the jurisdiction of this court will subject him to sanctions." *Rayfield J. Thibeaux v. Burl Cain, et al*, No. 10-20827 (5th Cir. 2011).

On December 21, 2011, the plaintiff filed a complaint in the United States District Court for the District of Colorado asserting the same claims against the defendants. *Rayfield J. Thibeaux v. Burel Cain, et al*, CV 11-03348-LTB. On January 13, 2012, the complaint, as amended, was summarily dismissed as factually frivolous. Plaintiff appealed. The United States Court of Appeals for the Tenth Circuit dismissed the appeal as frivolous. *Rayfield J. Thibeaux v. Burel Cain, et al*, No. 12-1016 (10th Cir. 2012).

**Instant Civil Action**

On February 13, 2012, the plaintiff filed this civil action

pursuant to 42 U.S.C. § 1983 against Cain, Desport, DCI and the unidentified psychiatrist. Plaintiff alleged that in 1981 the defendants secretly implanted a monitoring device in his rectum to monitor his activities, said monitoring now being done via an internet connection.

## Applicable Law

### A. Collateral Estoppel (Issue Preclusion)

It is clear that the plaintiff's claims in this action were the subject of his four earlier federal court complaints and appeals taken in those cases.

Collateral estoppel (issue preclusion) applies where an identical issue was: (1) actually litigated; (2) previously adjudicated; and, (3) necessary to the decision in the prior litigation. *Day v. Lockheed Martin Corp.*, 428 Fed.Appx. 275 (5th Cir. 2011).

The criteria for issue preclusion are clearly satisfied. Plaintiff is barred by issue preclusion from relitigating these claims.

### B. The Complaint is Frivolous and Malicious

With respect to actions filed in forma pauperis, such as this one, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal-

4

>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A district court may dismiss an in forma pauperis proceeding for frivolousness or maliciousness at any time, before or after service of process, and a district court is vested with especially broad discretion in determining whether such a dismissal is warranted. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5 th Cir. 1988). A complaint is malicious if the plaintiff asserts against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." *Id*. When declaring that a successive in forma pauperis suit is malicious, the court should insure that the plaintiff obtains one bite at the litigation apple - but not more. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

In this action, the plaintiff asserted a claim that is the same or substantially similar to the claims raised in the other four complaints identified herein. The causes of action arise from the same series of events and allege essentially the same facts in each case.

In addition, a complaint filed in forma pauperis that seeks "to relitigate claims which allege substantially the same facts

arising from a common series of events which have already been unsuccessfully litigated" may be dismissed as frivolous. *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.), *cert. denied,* 494 U.S. 969, 110 S.Ct. 417 (1989).

This complaint should be dismissed as frivolous and malicious.

### C. Sanctions

As noted above, in *Rayfield J. Thibeaux v. Burl Cain, et al*, No. 10-20827 (5th Cir. 2011), the Fifth Circuit Court of Appeals warned the plaintiff that because of his history of filing frivolous appeals, "any future frivolous pleadings filed by him in this court or in any court subject to the jurisdiction of this court will subject him to sanctions."

Because the Plaintiff's complaint is frivolous and malicious, the imposition of sanctions is appropriate.

In accordance with the Fifth Circuit's instructions, sanctions are necessary and warranted to control this court's docket and maintain the orderly administration of justice. *Dilworth v. Box,* 53 F.3d 1281 (5th Cir. 1995); *Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir. 1993); *Moody v. Miller*, 864 F.2d 1178, 1179 n. 2 (5th Cir. 1991). Sanctions which may be imposed include monetary sanctions, assessment of court costs, suspension of the plaintiff's right to proceed *in forma pauperis* until previous litigation sanctions and costs are paid, a requirement that the plaintiff obtain judicial

pre-approval for all future *pro se* filings, or other appropriate sanctions. *Id.*; *Lay v. Anderson*, 837 F.2d 231 (5th Cir. 1988); *Mayfield v. Collins*, 918 F.2d 560, 562 (5th Cir. 1991).

Consideration of the plaintiff's history of filing frivolous litigation, and particularly when the exact same claims have been found by multiple courts to be frivolous, supports the imposition of a monetary sanction in the amount of $70.00. To avoid having to address frivolous claims by the plaintiff again, as an additional sanction the plaintiff should be required to obtain written approval from a judicial officer of this court before any complaint is filed in proper person in this court. In addition, the plaintiff should be barred from proceeding in *forma pauperis* in all future actions filed in this court until the monetary sanction has been paid.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is further recommended that the following sanctions be imposed: (1) a monetary sanction in the amount of $70.00; (2) the plaintiff be required to obtain written approval from a judicial officer of this court before any complaint is filed in proper person in this court; and, (3) the plaintiff is barred from proceeding in *forma pauperis* in all future actions filed in this

7

court until the monetary sanction has been paid.

Baton Rouge, Louisiana, February 29, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE